# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:18-cv-1406<br>)<br>) |
| CARLA SHEPPARD AND IRHERE TAP, INC. | )<br>)<br>) |
| Defendants; | )<br>)<br>) |
| IRHERE TAP, INC., | )<br>) |
| Counter-Plaintiff | )<br>) |
| v. | )<br>) |
| SCOTTSDALE INSURANCE COMPANY, | )<br>)<br>) |
| Counter-Defendant. | ) |

## **ORDER & OPINION**

Before the Court is Plaintiff/Counter-Defendant Scottsdale Insurance Company's Motion for Judgment on the Pleadings (Doc. 13). The Court has ensured its subject matter jurisdiction (Doc. 27), and Defendant/Counter-Plaintiff Irhere Tap, Inc., has responded (Doc. 16); the motion is now ripe for review. For the following reasons, the Court GRANTS the Motion for Judgment on the Pleadings.

## BACKGROUND

This action stems from a personal injury lawsuit currently pending in the Tenth Judicial Circuit Court located in Peoria County, Illinois, under the caption *Sheppard v. Wilson et. al*, No. 16-L-277 (Doc. 1-2). The underlying lawsuit is the result of an altercation that occurred on or around July 9, 2016, at a bar owned by Defendant/Counter-Plaintiff Irhere Tap, Inc. Specifically, Defendant Carla Sheppard was stabbed with a sharp object by another bar patron. (Doc. 1-2 at 1–2). In the underlying lawsuit, Defendant Sheppard brings two claims against Defendant Irhere Tap; the first is a Dram Shop Act claim under 235 ILCS 5/6-21 for selling and/or giving alcohol to a bar patron who became intoxicated and then caused injury to Defendant Sheppard, and the second is for negligently failing to maintain peace at its establishment. (Doc. 1-2 at 2–5). Shortly after the altercation, Defendant Irhere Tap submitted a claim to Plaintiff Scottsdale, its insurance provider, seeking defense and indemnification in the underlying lawsuit; in return, Defendant Irhere Tap received a letter dated December 21, 2016, indicating the insurance policy provided no coverage for Defendant Sheppard's injury. (Doc. 24 at 24–25).

The insurance policy at issue provides Commercial General Liability Coverage and includes Liquor Liability Coverage. The letter identified relevant portions of the policy, specifically the Commercial General Liability Coverage provision and the Assault and/or Battery Exclusion. (Doc. 16 at 27–31). Section I, Coverage A of the Commercial General Liability Coverage part reads:

> We will pay those sums that the insured becomes legally obligated to
> pay as damages because of "bodily injury" or "property damage" to which

this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Doc. 1-1 at 9). The Liquor Liability Coverage Form states under the subsection entitled "Insuring Agreement":

We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply.

(Doc. 1-1 at 25).

The Assault and/or Battery Exclusion applies to the Commercial General Liability Coverage and the Liquor Liability Coverage and, as its title indicates, excludes coverage for injuries arising from assault or battery. It states:

The following exclusion is added to the **Exclusions** section:
This insurance does not apply to "injury,". . . [or] "bodily injury,". . . arising from:
1. Assault and/or Battery committed by any insured, any employee/"employee" of any insured, or any other person;
2. The attempt or failure to suppress or prevent Assault and/or Battery by any person in **1.** above;
3. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery.
4. The negligent:
   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting to the proper authorities, or failure to so report; or
   e. Retention

3

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs **1., 2.** or **3.** above.

(Doc. 1-1 at 39) (emphasis in original).

## LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed but early enough not to delay trial." *Richerme v. Trumbull Ins. Co.*, No. 18-cv-1286, 2018 WL 5264239, at *2 (N.D. Ill. Oct. 23, 2018); *see also* Fed. R. Civ. P. 12(c). The Court reviews Rule 12(c) motions under the same standards as a motion to dismiss under Rule 12(b)(6). *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face and there must be no dispute as to the material facts. *Wagner v. Teva Pharms. USA, Inc.,* 840 F.3d 355, 357–58 (7th Cir. 2016); *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). When assessing the plausibility of a claim to relief, the Court will draw all reasonable inferences in favor of the non-movant but "need not accept as true any legal assertions." *Wagner,* 840 F.3d at 358; *see also Lodholtz,* 778 F.3d at 639. In resolving a motion for judgment on the pleadings, the Court may consider only the pleadings, documents incorporated by reference in the pleadings, and matters subject to judicial notice. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

## DISCUSSION

Plaintiff Scottsdale petitions this Court to issue a declaration stating the insurance policy provisions at issue, specifically the "Assault and/or Battery Exclusion", bars coverage for the altercation giving rise to the underlying lawsuit,

4

thereby relieving Plaintiff Scottsdale of its duty to defend Defendant Irhere Tap. (Doc. 13 at 8–11). Defendant Irhere Tap argues Plaintiff Scottsdale is estopped from arguing it has no duty to defend. (Doc. 24 at 12–14).

An insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill. 2d 352, 363, 860 N.E.2d 307, 315 (2006). Any doubt as to the duty to defend should be resolved in favor of the insured. *Hilco Trading, LLC v. Liberty Surplus Ins. Corp.*, 2014 IL App. 1st 123503, ¶ 25, 8 N.E.3d 166, 174 (2014). Under Illinois law, "an insurer which breaches its duty to defend is estopped from raising policy defenses to coverage." *Emp'rs Ins. of Wausau v. Ehlco Liquidating Tr.*, 186 Ill. 2d 127, 147–48, 708 N.E.2d 1122, 1133 (1999). But "[i]f the insurer . . . was not given an opportunity to defend, there was no insurance policy in existence, or there was no coverage or potential for coverage, the estoppel doctrine does not apply." *Hunt v. State Farm Mut. Auto. Ins. Co.*, 2013 IL App (1st) 120561, ¶ 17, 994 N.E.2d 561, 566 (2013) (citing *Emp'rs Ins. of Wausau,* 186 Ill. 2d at 151, 708 N.E.2d at 1135). Accordingly, Defendant Irhere Tap's position that the estoppel defense applies regardless of whether coverage existed in the first place is incorrect; rather, an estoppel defense may apply *only* when a breach of the duty to defend actually occurred.

The primary question before the Court is thus whether Plaintiff Scottsdale "had a duty to defend and whether it breached that duty." *Emp'rs Ins. of Wausau*, 186

5

Ill. 2d at 151, 708 N.E.2d at 1135. In Illinois, the interpretation of an insurance policy is a matter of law governed by applicable contract principles.[1] *Ace Am. Ins. Co. v. RC2 Corp.*, 600 F.3d 763, 767 (7th Cir. 2010). The Court's primary objective "is to ascertain and give effect to the intention of the parties, as expressed in the policy language." *Westfield Ins. Co. v. Vandenberg*, 796 F.3d 773, 777–78 (7th Cir. 2015) (internal quotation marks omitted). If the policy provisions "are clear and unambiguous there is no need for construction and the provisions will be applied as written." *Wehrle v. Cincinnati Ins. Co.,* 719 F.3d 840, 843 (7th Cir. 2013) (internal quotation marks omitted). They " 'must be given their plain, ordinary and popular meaning, and the policy will be applied as written, unless it contravenes public policy.' " *Id* (quoting *Rich v. Principal Life Ins. Co.*, 226 Ill. 2d 359, 371, 875 N.E.2d 1082, 1090 (2007)). "In determining whether a provision of an insurance policy is ambiguous, Illinois courts examine whether it 'is subject to more than one reasonable interpretation . . . not whether creative possibilities can be suggested.' " *Id.* (quoting *Bruder v. Country Mut. Ins. Co.*, 156 Ill. 2d 179, 620 N.E.2d 355, 362 (1993)). Reasonableness is the key. *Id.* The court will therefore not strain to find ambiguity if none exists. *McKinney v. Allstate Ins. Co.,* 188 Ill. 2d 493, 497, 722 N.E.2d 1125, 1127 (1999).

The Liquor Liability Coverage provides coverage for injuries "for which any insured may be held liable by reason of . . . [c]ausing or contributing to the

---

[1] Defendant Irhere Tap's assertion that there remains a dispute of fact—"whether or not the assault and battery exclusion and liquor exclusion apply in the instant case" (Doc. 16 at 4)—is incorrect; whether the exclusions operate to preclude coverage in the instant case is a question of law, not a question of fact.

intoxication of any person" if the injury is not otherwise excluded from coverage. (Doc. 1-1 at 10). The Assault and/or Battery Exclusion explicitly excludes coverage for bodily injury that arises from assault or battery committed by *any person*; this exclusion expressly includes assault or battery resulting from "the selling, serving or furnishing of alcoholic beverages" as well as the failure to "suppress or prevent Assault and/or Battery by any person." (Doc. 1-1 at 39). The only logical interpretation of this language is that the policy simply does not cover injuries resulting from assault, battery, or the failure to prevent an assault or battery, even if the assault or battery is the result of the insured's furnishing of alcoholic beverages to the assailant. Defendant Irhere Tap offers no alternative interpretation from which the Court could reasonably discern ambiguity. The Court therefore finds the insurance policy provisions—to which Defendant Irhere Tap agreed—are clear and unambiguous, *see Netherlands Insurance Co. v. Phusion Projects, Inc.*, 737 F. 3d 1174, 1178 (7th Cir. 2013) (concluding a similar liquor liability exclusion was "clear and unambiguous"), and must therefore be applied as written, s*ee Wehrle,* 719 F.3d at 843.

The relevant claims in the underlying lawsuit clearly fall outside the coverage provided by the insurance policy. Section 3 of the Assault and/or Battery Exclusion plainly and clearly precludes coverage for the Dram Shop Act claim, which alleges liability for furnishing alcoholic beverages to the person who allegedly became intoxicated and assaulted/battered Defendant Sheppard (Doc. 1-2 at 3). Section 2 of the Assault and/or Battery Exclusion plainly and clearly excludes coverage for the

7

second claim against Defendant Irhere Tap, the gravamen of which is that Defendant Irhere Tap negligently failed to prevent the alleged assault/battery (Doc. 1-2 at 3–5).

Because the Assault and/or Battery Exclusion plainly and clearly precludes coverage for the relevant claims in the underlying lawsuit, Plaintiff Scottsdale never had a duty to defend or indemnify Defendant Irhere Tap therein. *See United Nat'l. Ins. Co. v. Entm't Grp., Inc.*, 945 F.2d 210, 213 (7th Cir. 1991); *Burlington Ins. Co. v. Phillips-Garrett, Inc.*, 37 F. Supp. 3d 1005, 1013–14 (S.D. Ill. 2014); *Atain Specialty Ins. Co. v. Chouteau Prop. Mgmt., Inc.*, No. 13-cv-65, 2014 WL 1759060, at *3–4 (S.D. Ill. May 2, 2014). And because Plaintiff Scottsdale never had a duty to defend or indemnify due to the clear lack of coverage, Defendant Irhere Tap's estoppel defense necessarily fails. *See Emp'rs Ins. of Wausau*, 186 Ill. 2d at 151, 708 N.E.2d at 1135.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counter-Defendant Scottsdale Insurance Company's Motion for Judgment on the Pleadings (Doc. 13) is GRANTED. The Court DECLARES the policy at issue does not provide coverage for Defendant Carla Sheppard's claims against Defendant/Counter-Plaintiff Irhere Tap, Inc., and Plaintiff/Counter-Defendant Scottsdale Insurance Company therefore had no duty to defend or indemnify Defendant/Counter-Plaintiff Irhere Tap, Inc., in the underlying lawsuit. Judgment shall issue accordingly. Because the aforementioned declaration is now the law of the case, Defendant/Counter-Plaintiff Irhere Tap, Inc.'s counterclaim (Doc. 24 at 14–18), which seeks a declaration stating the opposite, is DISMISSED WITH PREJUDICE. CASE TERMINATED.

SO ORDERED.

Entered this 28th day of June 2019.

/s Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge